1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20

WILLIAM HENRY SHEPPARD,
CDCR #C-61934,

                                    Plaintiff,

vs.

RODNEY G. HOOD, MD, et al.,

                                    Defendants.

Civil No.    15-cv-0049 BAS (RBB)

**ORDER:**

**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF Doc. No. 2]**

**AND**

**2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**

21
22
23
24
25
26
27
28

        William Henry Sheppard ("Plaintiff"), currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

        Plaintiff claims six doctors employed by Alvarado Hospital in San Diego provided him inadequate treatment and committed "medical malpractice" in 2010 after he was transported there from Centinela State Prison ("CEN") for emergency gallbladder surgery.  (*See* Compl., ECF Doc. No. 1, at 1, 3.)  Plaintiff claims that

during the surgery Defendants inserted a "ERCP stent," and that it was not until sometime in 2013, after he developed an infection, pancreatitis, and diabetes, that he was told by unidentified prison medical officials at CEN that his ailments were "caused by" the stent which was intended to be temporary. (*Id.*) Plaintiff seeks $6 million in general and compensatory damages against the doctors at Alvarado. (*Id.* at 7.)

Plaintiff has not prepaid the filing fees required by 28 U.S.C. § 1914(a) to commence a federal civil action; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2.)

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1   account statement, the Court assesses an initial payment of 20% of (a) the average

2   monthly deposits in the account for the past six months, or (b) the average monthly

3   balance in the account for the past six months, whichever is greater, unless the

4   prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

5   institution having custody of the prisoner then collects subsequent payments, assessed

6   at 20% of the preceding month's income, in any month in which his account exceeds

7   $10, and forwards those payments to the Court until the entire filing fee is paid. *See*

8   28 U.S.C. § 1915(b)(2).

9        In support of his IFP Motion, Plaintiff has submitted a certified copy of his

10  trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

11  *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account

12  statement, as well as the attached prison certificate issued by an accounting officer at

13  CMC verifying his available balances. Plaintiff's statements show that while he had

14  average monthly deposits of $24.67 to his account, and an average monthly balance

15  of $4.26 during the 6-month period preceding the filing of this action, he had only

16  $.02 in his account at the time of filing. Thus, while the Court assesses Plaintiff's

17  initial partial filing fee at $4.93 pursuant to 28 U.S.C. § 1915(b)(1), it appears he is

18  unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that

19  "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing

20  a civil action or criminal judgment for the reason that the prisoner has no assets and

21  no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

22  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a

23  prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

24  available to him when payment is ordered.").

25       Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc.

26  No. 2), and will direct the California Department of Corrections and Rehabilitation

27  ("CDCR") to collect the entire $350 balance of the filing fees mandated by 28 U.S.C.

28

1  § 1914 and forward them to the Clerk of the Court pursuant to the installment

2  payment provisions set forth in 28 U.S.C. § 1915(b)(1).

3  **II.   INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A**

4      **A.   Standard of Review**

5      Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees,

6  the PLRA also obligates the Court to review complaints filed by all persons

7  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

8  facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

9  criminal law or the terms or conditions of parole, probation, pretrial release, or

10  diversionary program," "as soon as practicable after docketing." 28 U.S.C.

11  §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua

12  sponte dismiss complaints, or any portions thereof, which are frivolous, malicious,

13  fail to state a claim, or which seek damages from defendants who are immune. *See* 28

14  U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

15  Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th

16  Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

17      All complaints must contain "a short and plain statement of the claim showing

18  that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual

19  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

20  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

21  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

22  (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a

23  context-specific task that requires the reviewing court to draw on its judicial

24  experience and common sense." *Id.* The "mere possibility of misconduct" falls short

25  of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572

26  F.3d 962, 969 (9th Cir. 2009).

27      "When there are well-pleaded factual allegations, a court should assume their

28  veracity, and then determine whether they plausibly give rise to an entitlement to

1   relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2   2000) ("[W]hen determining whether a complaint states a claim, a court must accept

3   as true all allegations of material fact and must construe those facts in the light most

4   favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

5   1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil

6   Procedure 12(b)(6)").

7        However, while the Court "ha[s] an obligation where the petitioner is pro se,

8   particularly in civil rights cases, to construe the pleadings liberally and to afford the

9   petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th

10   Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may

11   not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of

12   Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

13        **B.    42 U.S.C. § 1983**

14        "Section 1983 creates a private right of action against individuals who, acting

15   under color of state law, violate federal constitutional or statutory rights." *Devereaux

16   v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

17   substantive rights, but merely provides a method for vindicating federal rights

18   elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal

19   quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must

20   show both (1) deprivation of a right secured by the Constitution and laws of the

21   United States, and (2) that the deprivation was committed by a person acting under

22   color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

23        **C.    State Action**

24        First, the Court finds Plaintiff's Complaint fails to state a claim and must be

25   dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1) because it

26   alleges no facts to show that any of the named Defendants, all identified only as

27   physicians employed by Alvarado Hospital, acted under color of state law. *Lopez,* 203

28   F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

"[P]rivate parties [do] not generally act[] under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Therefore, courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).  "In order for private conduct to constitute governmental action, 'something more' must be present." *Id.* (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982)).

In the context of medical services provided to prisoners like Plaintiff, the Supreme Court has held that "something more," requires him to allege that the "private physician or hospital," he seeks to sue has "contract[ed] with a public prison system to provide treatment for inmates," and has "perform[ed] a public function" sufficient to "be found to [have] act[ed] under color of law for purposes of § 1983." *West v. Atkins*, 487 U.S. 42, 56 n.15 (1988).

Here, Plaintiff has failed to allege that the Alvarado doctors he seeks to hold liable were employed by or acted under contract with the state of California to provide medical services to its prisoners when they treated him in 2010. Therefore, his Complaint fails to state a claim under § 1983 because it lacks the "factual content" required to show Defendants' actions were "fairly attributable to the State." *Id.* at 54; *Iqbal*, 556 U.S. at 678; *cf. Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (finding district court's sua sponte dismissal improper where prisoner's complaint contained allegations that defendants, a private hospital and ambulance service *did* act "under contract with the state of Arizona to provide medical services to indigent citizens.").

**D.    Individual Liability**

Second, even if Plaintiff had alleged the Alvarado doctors he has named as Defendants acted under color of state law, his Complaint also fails to "plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege

with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

As currently pleaded, Plaintiff's Complaint simply lists six individual physicians as Defendants in the caption, *see* Compl. at 1, 2, but the body of his pleading makes no further mention of any of these doctors, except for Dr. Hood, who is alleged in only a perfunctory and wholly conclusory fashion to have "showed deliberate indifference to [his] serious medical needs." *Id.* at 3.

Each defendant may be held liable under § 1983 only if he or she is alleged to have been "personally involved in the constitutional deprivation." *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). Plaintiff's Complaint, however, fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional violation personally committed by any of the named doctors. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555, 557.) To show personal liability, Plaintiff must include in his pleading at least some description of personal acts taken by each individual defendant which he believes caused his Eighth Amendment rights to be violated. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Iqbal*, 556 U.S. at 678 (noting that while "detailed factual allegations" are not required, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim to relief that is "plausible on its face.") (citing *Twombly*, 550 U.S. at 555, 570.)

For this additional reason, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E.    Inadequate Medical Care

Finally, the Court finds that Plaintiff's Complaint also fails to adequately plead a constitutional violation–namely, an Eighth Amendment claim based on inadequate medical care. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless it rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). This standard "consists of two parts," one objective, and one subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken "for the very purpose of causing, harm." *Id.* at 837. A prison official does not act with deliberate indifference unless he or she "knows of and disregards an excessive risk to inmate health or safety." *Id.* "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002) (citation omitted).

Moreover, "the indifference to [a prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (quoting *Estelle*, 429 U.S. at 105-06.) "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other*

1  *grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

2  Even gross negligence is insufficient to establish deliberate indifference to serious

3  medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

4  　　　　Here, the Court finds Plaintiff's claims of having suffered an infection,

5  pancreatitis, and diabetes, which he alleges were "caused by the prolonged and

6  excessive implantation of [a] temporary stent," (Compl., ECF Doc. No. 1 at 3), are

7  sufficient to show a facially plausible and objectively serious medical need.  *See*

8  *McGuckin*, 974 F.2d at 1059-60 (The "existence of an injury that a reasonable doctor

9  or patient would find important and worthy of comment or treatment; the presence of

10  a medical condition that significantly affects an individual's daily activities; or the

11  existence of chronic and substantial pain are examples of indications that a prisoner

12  has a 'serious' need for medical treatment."); *Rodenhurst v. Hawaii*, No.

13  CV10-1237-PHX-GMS, 2010 WL 3719296, at *6 (D. Ariz. Sept. 15, 2010) (finding

14  prisoner's "pancreatitis, high cholesterol, diabetes and renal insufficiency" sufficient

15  to show he suffered a "serious medical need"), *aff'd sub nom. Rodenhurst v. Bauman*,

16  509 F. App'x 634 (9th Cir. 2013); *Iqbal*, 556 U.S. at 678.

17  　　　　However, Plaintiff's Complaint fails to further contain enough "factual

18  content" which would "allow the court to draw a reasonable inference" of deliberate

19  indifference on the part of any named Defendant. *Iqbal*, 556 U.S. at 678. At most,

20  assuming Plaintiff's allegations are true, the error he describes sounds only in

21  negligence; indeed, he himself claims his injuries were the result of "medical

22  malpractice," "negligence," and "incompetence." (Compl., Doc. No. 1, at 3.) And

23  while he also describes Dr. Hood as having acted with "deliberate indifference," (*id.*),

24  he does not further support this conclusion by alleging facts to show that Hood, or

25  any other Defendant, "kn[ew] of and disregard[ed] an excessive risk to [his] health or

26  safety" when implanted the stent which is alleged to have caused him harm three

27  years later. *Farmer*, 511 U.S. at 837. Deliberate indifference is "a state of mind more

28  blameworthy than negligence" and it "requires 'more than ordinary lack of due care

1  for the prisoner's interests or safety.'" *Id.* at 835 (quoting *Whitley v. Albers*, 475 U.S.

2  312, 319 (1986)).

3      Therefore, the Court finds that Plaintiff's Complaint fails to allege facts

4  sufficient to support an Eighth Amendment claim against any Defendant and that it is

5  subject to dismissal for this additional reason pursuant to 28 U.S.C. § 1915(e)(2)(B)

6  and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

7      **F.    Leave to Amend**

8      Because Plaintiff is proceeding without counsel, and it is not "absolutely clear

9  that no amendment can cure" the defects of pleading set forth above, the Court will

10 grant him an opportunity to amend.  *See Lucas v. Dept. of Corr.*, 66 F.3d 245, 248

11 (9th Cir. 1995); *Lopez*, 203 F.3d at 1131.

12 **III.   CONCLUSION AND ORDER**

13     For the reasons set forth above, the Court:

14     1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C.

15 § 1915(a) (ECF Doc. No. 2).

16     2.    **DIRECTS** the Secretary of the CDCR, or his designee to collect from

17 Plaintiff's prison trust account the $350 filing fee owed in this case by collecting

18 monthly payments from the account in an amount equal to twenty percent (20%) of

19 the preceding month's income and forwarding them to the Clerk of the Court each

20 time the amount in his account exceeds $10 in accordance with 28 U.S.C.

21 § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE

22 NAME AND NUMBER ASSIGNED TO THIS ACTION.

23     3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey

24 A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O.

25 Box 942883, Sacramento, California, 94283-0001.

26     4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon

27 which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

28 § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this

Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect *not* to proceed by filing a Amended Complaint within the time provided, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment.

**IT IS SO ORDERED.**

**DATED: April 22, 2015**

**Hon. Cynthia Bashant**
**United States District Judge**