1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

WILLIAM HENRY SHEPPARD,
CDCR #C-61934,

Plaintiff,

vs.

RODNEY G. HOOD, MD, et al.,

Defendants.

Civil No.    15-cv-0049 BAS (RBB)

**ORDER DISMISSING AMENDED
COMPLAINT FOR FAILING
TO STATE A CLAIM
PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)
AND 28 U.S.C. § 1915A(b)(1)**

William Henry Sheppard ("Plaintiff"), a state prisoner incarcerated at California
Men's Colony ("CMC") in San Luis Obispo, California, is proceeding pro se in this case
pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

## I.    Procedural History

On April 23, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*
("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua
sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state
a claim upon which relief could be granted. *See* April 23, 2015 Order (ECF No. 3). The
Court provided Plaintiff with notice of his Complaint's pleading deficiencies and granted
him 45 days leave in which to amend. *Id.* at 5-11. Plaintiff was also cautioned that if he

-1-

failed to file an Amended Complaint within 45 days, his action would be dismissed for failure to prosecute. *Id.* at 11. After Plaintiff failed to amend within the time provided, the Court dismissed the action without prejudice based on Plaintiff's failure to comply with the Court's Order requiring amendment. *See* June 12, 2015 Order (ECF No. 4).

On June 15, 2015, the Court rejected Plaintiff's attempt to file an Amended Complaint as untimely (ECF No. 6), but soon after, granted his Motion for Reconsideration and set aside the judgment entered on June 12, 2015 (ECF No. 9), finding that the Amended Complaint Plaintiff sought to file on June 12, 2015 was indeed timely pursuant to the prison "mailbox rule." *See* June 23, 2015 Order (ECF No. 9) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009)). The Court then granted Plaintiff leave to re-submit his Amended Complaint and "reminded [him] that [his Amended Complaint] must be revised in a manner consistent with the Court's June 12, 2015 order." *Id.* at 2.

On July 7, 2015, Plaintiff's requested that he be relieved of the requirement to re-submit his Amended Complaint, and asked that his previously rejected pleading simply be re-filed on his behalf (ECF No. 14). On July 8, 2015, the Court granted Plaintiff's request and directed the Clerk of the Court to file the Amended Complaint originally rejected as untimely on June 15, 2015, instead of requiring him to submit a new one (ECF No. 15). Plaintiff's Amended Complaint was then filed nunc pro tunc to June 12, 2015 (ECF No. 16).

Because Plaintiff remains a prisoner and is proceeding IFP, his Amended Complaint now requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

1    *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman,* 680

2    F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A

3    "incorporates the familiar standard applied in the context of failure to state a claim under

4    Federal Rule of Civil Procedure 12(b)(6)").

5    **II.   Plaintiff's Allegations**

6       In his original Complaint, Plaintiff alleged six doctors employed by Alvarado

7    Hospital in San Diego provided him inadequate treatment and committed "medical

8    malpractice" in 2010 after he was transported there from Centinela State Prison ("CEN")

9    for emergency gallbladder surgery. *See* Compl., ECF No. 1, at 1, 3. Plaintiff claimed that

10    during the surgery Defendants inserted a "ERCP stent," and that it was not until

11    sometime in 2013, after he developed an infection, pancreatitis, and diabetes, that he was

12    told by unidentified prison medical officials at CEN that his ailments were "caused by"

13    the stent which was intended to be temporary. *Id.* Plaintiff sought $6 million in general

14    and compensatory damages against the doctors at Alvarado. *Id.* at 7.

15       The Court dismissed Plaintiff's claims sua sponte pursuant to 28 U.S.C.

16    §§ 1915(e)(2)(B)(ii) and 1915A(B)(1). *See* April 23, 2015 Order (ECF No. 3).

17    Specifically, the Court found Plaintiff's Complaint alleged no facts to show that any of

18    the named Defendants, all private physicians employed by Alvarado Hospital, acted

19    under color of state law, *id.*, at 5-6, *citing West v. Atkins*, 487 U.S. 42, 56 n.15 (1988)),

20    and that even if they did, his Complaint still failed to allege facts sufficient to show

21    personal involvement or deliberate indifference on the part of any of the Alvarado

22    Hospital doctors. *Id.* at 6-7, 8-10, citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

23    1989); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because it was not "absolutely clear

24    that no amendment [could] cure" these pleading defects, however, Plaintiff was granted

25    leave to amend, warned that his Amended Complaint must address the deficiencies of

26    pleading identified by the Court, advised that his Amended Complaint would supersede

27    his original pleading, and cautioned that claims not re-alleged would be considered

28

"waived if not repled." *Id.* at 10, 11 (citing *Lucas v. Dept. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)).

In his Amended Complaint (ECF No. 16), which is comprised of only 2 pages, Plaintiff claims he wishes to "chang[e] Defendants['] names." *See* Amend. Compl. at 1. Plaintiff omits any reference to the previously named Alavardo Hospital doctors, and proceeds to list his intended Defendants as follows: Warden Amy Miller, Chief Medical Officer M. Levin, Health Care Manager A. Gomez, an unnamed nurse practitioner and medical doctor, and two Registered Nurses: Carmon and Ruddy. *Id.* at 1-2. Plaintiff claims all these Defendants "worked in or at Centinela State Prison Infirmary . . . at or around April 22, 2010, January 29, 2010, June 10, 2010, September 8, 2010, December 7, 2010, February 19, 2010, and May 26, 2010," "at the time [his] stent was put in place," and that all "had access at medical records." *Id.* at 2. Plaintiff then attaches "7 pages of documents with the responsible defendants," *id.*, all of which appear to be photocopies of physician's orders, outpatient interdisciplinary progress notes, and discharge instructions contained in Plaintiff's medical file at CEN, and documenting his post-operative surgical care in 2010. *Id.* at 2-9.

## III.   Screening of Plaintiff's Amended Complaint

### A.   Standard of Review

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d

/ / /

1  1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d

2  1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

3  Every complaint must contain "a short and plain statement of the claim showing

4  that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations

5  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

6  by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there

8  are well-pleaded factual allegations, a court should assume their veracity, and then

9  determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

10  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

11  specific task that requires the reviewing court to draw on its judicial experience and

12  common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this

13  plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th

14  Cir. 2009).

15  While a plaintiff's factual allegations are taken as true, courts "are not required to

16  indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th

17  Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have

18  an obligation where the petitioner is pro se, particularly in civil rights cases, to construe

19  the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v.*

20  *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026,

21  1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not

22  initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

23  (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official

24  participation in civil rights violations" were  not "sufficient to withstand a motion to

25  dismiss." *Id.*

26  **B.    Application to Amended Complaint**

27  "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements:

28  (1) that a right secured by the Constitution or laws of the United States was violated; and

1   (2) that the alleged violation was committed by a person acting under color of state law."
2   *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011)
3   (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

4       Even if the Court *assumes* the medical officials Plaintiff now lists as Defendants
5   personally acted under color of state law when providing him medical care at CEN in
6   2010, *see West*, 487 U.S. at 48 ("State employment is generally sufficient to render the
7   defendant a state actor."); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006),
8   Plaintiff's Amended Complaint still fails to allege facts sufficient to support any Eighth
9   Amendment violation committed by any of them. *See Crater v. Galaza,* 508 F.3d 1261,
10  1269 (9th Cir. 2007) ("In § 1983 cases, it is the constitutional right itself that forms the
11  basis of the claim.").

12      In its April 23, 2015 Order, the Court clearly notified Plaintiff of the legal
13  standards for alleging an inadequate medical care claim under the Eighth Amendment,
14  and found his original Complaint failed to contain enough "factual content" that might
15  plausibly show that any person then named as Defendant acted with deliberate
16  indifference to his serious medical needs. *See* ECF No. 3 at 8-10 (citing *Gamble*, 429
17  U.S. at 106).

18      However, Plaintiff's Amended Complaint, while it now substitutes several
19  members of CEN's medical staff for the private Alvarado Hospital doctors he originally
20  named as Defendants, contains even fewer factual allegations than his original pleading.
21  For example, Plaintiff does not describe his medical condition at all, and he fails to
22  include any facts from which the court might reasonably infer the existence of any
23  objectively serious medical need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th
24  Cir. 1992) (noting that a "serious" medical need requires a prisoner to allege the
25  "existence of an injury that a reasonable doctor or patient would find important and
26  worthy of comment or treatment; the presence of a medical condition that significantly
27  affects an individual's daily activities; or the existence of chronic and substantial pain."),
28  / / /

1  *overrruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.
2  1997) (en banc).

3          Second, even if the Court could infer the existence of a serious medical need from
4  Plaintiff's mention of a surgical "stent," and incorporates by reference the medical
5  exhibits attached to his Amended Complaint which refer to a follow up treatment for a
6  "cholecystectomy," a "renal mass," and a "liver abscess" as part of his pleading, *see* FED.
7  R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part
8  of the pleading for all purposes."), nothing in his Amended Complaint, or in these
9  attached exhibits provides any further "factual content" to explain how any CEN official
10  now listed as party was deliberately indifferent to his plight, *i.e.*, that they "kn[ew] of or
11  disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Iqbal*, 556 U.S. at 678;
12  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Instead, Plaintiff simply states that the
13  CEN Defendants "had access [to his] medical records . . . at the time [his] stent was put
14  in place." Amend. Compl., ECF No. 16 at 2. This type of vague and conclusory
15  allegation, untethered to any particular act of wrongdoing by any person causing injury
16  to Plaintiff, simply amounts to the type of "the defendant-unlawfully-harmed-me
17  accusation" the Supreme Court has found insufficient to "'state a claim to relief [under
18  the Eighth Amendment] that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing
19  T*wombly*, 550 U.S. at 570). In order to show deliberate indifference, a prisoner must
20  plead facts to show both a purposeful act or failure to act on the part of each defendant,
21  and a resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State*
22  *Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

23          Accordingly, Plaintiff's Amended Complaint, like his original Complaint, must
24  be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be
25  granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d
26  at 1126-27; *Rhodes*, 621 F.3d at 1004. Moreover, because Plaintiff has already been
27  provided an opportunity to amend his claims to no avail, the Court finds further leave to
28  amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th

Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

**IV.    Conclusion and Order**

For the reasons set forth above, the Court:

(1)    **DISMISSES** Plaintiff's Amended Complaint (ECF No. 16) without further leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and

(2)    **CERTIFIES** that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

DATED: December 7, 2015

HON. CYNTHIA BASHANT
United States District Judge

-8-

15-cv-0049 BAS (RBB)